UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IMRAN ALI HAIDARI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAMELA BONDI et al.,<br><br>　　　　　Respondents. | CASE NO. 2:26-cv-00237-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Petitioner Imran Haidari's Petition for Writ of Habeas Corpus. Dkt. # 5. The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition. Dkt. # 5.

# II

## BACKGROUND

Petitioner is a non-U.S. citizen who is a native and citizen of Afghanistan. Dkt. # 11-1 at 4; Dkt. # 5 at 5. Petitioner entered the U.S. in Arizona on January 7, 2025, and was immediately

ORDER - 1

detained. Dkt. # 11-1 at 4; Dkt. # 5 at 6. He was issued a Notice and Order of Expedited Removal under section 235(b)(1) of the INA. Dkt. # 11-1 at 4.

Petitioner was held in Arizona for ten days before being transferred to a facility in Georgia where he was held for 12 days before being released. Dkt. # 5 at 6. The Government did not provide any information about these detentions, nor did they provide the order stating the statutory basis for or conditions of Petitioner's release. *See generally* Dkt. ##9-11. After release, Petitioner flew to Washington State and attempted to enter Canada at which time he was returned to the Government and re-detained on February 9, 2025. Dkt. # 5 at 6; Dkt. # 11-3 at 3.

At some point, Petitioner alleged fear of persecution in his home country, and sought asylum, withholding of removal or protection under the Convention Against Torture. Dkt. # 11-3 at 3; Dkt. # 5 at 6. On April 29, 2025, an asylum officer determined Petitioner did not have a credible fear of persecution. Dkt. # 11-4. On May 8, 2025, an Immigration Judge affirmed this determination thus ordering Petitioner's removal. Dkt. # 11-5 at 2-3. No appeal was available from the decision. *Id.*

Since February 9, 2025, Petitioner has been detained at the Northwest ICE Processing Center (NWIPC). Dkt. # 5 at 6; *see generally* Dkt. # 10. Although the Government has requested documents from Afghanistan, the Government has not obtained travel documents for Petitioner nor has Afghanistan agreed to accept Petitioner. Dkt. # 10; Dkt. # 5 at 6.

### III

#### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the

ORDER - 2

evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens subject to a removal order, such as Petitioner. Under § 1231(a), to facilitate removal the Government must hold a noncitizen in custody during the 90-day "removal period" after entry of a final removal order. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2); *see also Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

In this case, the removal period began when Petitioner's removal order became final on May 8, 2025. Dkt. # 11-5 at 2-3. Therefore, the 90-day removal period ended on August 6, 2025 and has thus expired. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

After the removal period expires, the Government "may" continue to detain a noncitizen who remains in the United States, but it cannot do so indefinitely. 8 U.S.C. § 1231(a)(6); *see also Zadvydas*, 533 U.S. at 682, 701. In *Zadvydas*, the Supreme Court held that § 1231 "limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* at 689. The Supreme Court determined that it is "presumptively reasonable" for the Government to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual. *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The six-month period does not mean petitioner is entitled to relief, but "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.* at 699-701.

ORDER - 3

Petitioner's presumptively reasonable six-month period expired on or about November 8, 2025, over three months ago. Petitioner argues that there is no good reason to believe removal is reasonably foreseeable because the Government has not obtained travel documents from Afghanistan for Petitioner nor has Afghanistan agreed to accept Petitioner. Dkt. # 5 at 6. This is supported by the Government's showing. *See generally* Dkt. ## 9, 10. Because Afghanistan has not yet agreed to accept Petitioner and no travel documents have been issued, the Court is persuaded that there is good reason to believe removal is not reasonably foreseeable.

The burden now shifts to the Government to rebut this showing. The Government's primary argument is that Petitioner has been non-compliant in aiding their effort to submit a travel document request to Afghanistan. Dkt. # 10; Dkt. # 9 at 8. The Government claims this delayed their efforts by 45 days. *Id.* Accepting arguendo that this non-compliance could extend the presumptively reasonable six-month period, the 45-day delay does not account for the three months' delay that exceeds the presumptively reasonable time established in *Zadvydas* and thus Petitioner has still been detained for longer than the presumptively reasonable period. 533 U.S. at 701.

The Government provides a log of its actions taken to facilitate removal to Afghanistan, but it does not explain reasons for its own delay or provide an update as to the status of that removal. *See* Dkt. # 9 at 7-10; Dkt. # 10. For example, the Government does not explain the months long delay between when "removal documents were prepared for Petitioner" on May 8, 2025 and when a request was sent for an Afghan Transportation Letter on September 12, 2025. Dkt. # 10 at 1. Nor does it explain why it was not until October 31, 2025 that Petitioner was asked to aid in filling out travel documents. *Id.* Further, the Government admits Afghanistan has issued no travel letter yet. *Id.* at 2. As the Government has provided no reason to believe

removal is reasonably foreseeable, it cannot overcome the good showing that removal is not reasonably foreseeable.

Based on the significant likelihood Petitioner will not be removed in the reasonably foreseeable future, Petitioner is entitled to habeas relief. As habeas relief is granted, the Court need not consider Petitioner's third country removal or Due Process claims.[1]

## IV
### CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 5) and ORDERS that Petitioner be IMMEDIATELY released from custody subject to the same conditions of release that governed before he was re-detained. The Court further ORDERS that Petitioner shall not be re-detained until after a hearing before a neutral decisionmaker and adequate notice of his alleged release violations.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of February, 2026.

John H. Chun
United States District Judge

---

[1] Still, to the extent the Government argues that Due Process rights do not apply to Petitioner (Dkt. # 9 at 14), the Court reminds the Government that if Petitioner were to be re-detained, he must be provided notice and "an opportunity to be heard" under the Due Process Clause of the Fifth Amendment to the United States Constitution. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *see Shinwari v. Hermosillo*, No. 2:26-CV-00009-RAJ, 2026 WL 262605, at *3 (W.D. Wash. Jan. 30, 2026) (collecting cases); *Bello Chacon v. Hermosillo*, No. 2:25-CV-02299-TMC, 2025 WL 3562666, at *4 (W.D. Wash. Dec. 12, 2025); *Tran v. Bondi*, No. 2:25-CV-02335-DGE-TLF, 2025 WL 3725677, at *6 (W.D. Wash. Dec. 24, 2025); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 932 (N.D. Cal. 2025).

ORDER - 5